SUMMARY ORDER

Petitioner Hua Ying Yang, a native and citizen of the People’s Republic of China, seeks review of: (1) the September 28, 2007 order of the BIA denying her first motion to reopen; and (2) the May 30, 2008 order of the BIA denying her second motion to reopen. In re Hua Ying Yang, No. A075 801 719 (B.I.A. Sept. 28, 2007); In re Hua Ying Yang, No. A075 801 719 (B.I.A. May 30, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA 413 F.3d 232, 233 (2d Cir.2005) (per curiam). There is no dispute that Yang’s June 2006 and March 2008 motions to reopen were untimely: the final administrative order dismissing her appeal was entered in February 2003. See 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered). There are no time limitations for filing a motion to reopen, however, if it is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii).
Yang waives any challenge to the BIA’s finding that she failed to demonstrate changed country conditions excusing the untimeliness of her first motion to reopen. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). As to her second motion to reopen, Yang argues that she identified mistranslations in the 2001 Fujian Province Population and Family Planning Law (“2001 Law”) that is relied on in the U.S. Department of State’s *696 2007 report, China: Profile of Asylum Claims and Country Conditions. These mistranslations, she argues, are the functional equivalent of changed country conditions. The BIA did not abuse its discretion in concluding that Yang’s assertion of translation errors failed to demonstrate changed country conditions; she submitted no evidence in support of her claim. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Moreover, a review of the alleged translation errors demonstrates that, as the BIA found, the purportedly corrected translations would not materially alter the meaning of the country conditions evidence by demonstrating a risk of forced sterilization.
For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).